IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHANPETER ALLEN KLEIN,<br><br>and<br><br>MATTHEW LELAND KLEIN,<br><br>Defendants. | Case No. 21-CR-<br><br><br>**Filed Under Seal** |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT AND
DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrants for both defendants, JONATHANPETER ALLEN KLEIN and MATTHEW LELAND KLEIN, are executed, at which time the indictment and related documents shall be automatically unsealed.  In support thereof, the Government states as follows:

On March 19, 2021, the defendants were charged by indictment with violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding and Aiding and Abetting); 18 U.S.C. §§ 231(a)(3), 2 (Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting); 18 U.S.C. §§ 1361, 2 (Destruction of Government Property and Aiding and Abetting) and 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), and 18 U.S.C. § 1752(a)(2) (Disorderly Conduct in a Restricted Building or Grounds).  The defendants have not been previously charged in this matter, and the government has requested warrants for their arrest.

Public disclosure of the existence of the indictment might alert the defendants, along with any other targets, that they are under investigation, which could cause the defendants and any other associates, to destroy or conceal incriminating evidence or to attempt to evade arrest.

As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the indictment are not accessible on the public docket is narrowly tailored to serve that compelling interest. Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that the defendant is charged with a crime, and that the government intends to arrest the person. Thus, if this motion or a sealing order were to become public, it would be the same as making public the indictment.

To ensure that the indictment and related documents are unsealed promptly upon the arrests of the defendants, the government requests that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the indictment, the arrest warrants, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrants for both defendants, JONATHANPETER KLEIN and MATTHEW KLEIN, are executed, at which time the indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

                                                Respectfully submitted,

                                                CHANNING D. PHILLIPS
                                                ACTING UNITED STATES ATTORNEY
                                                D.C. Bar No. 415793

By:     */s/ Christopher K. Veatch*
          CHRISTOPHER K. VEATCH
          IL Bar No. 6276097
          JASON B.A. MCCULLOUGH
          D.C. Bar No. 998006
          LUKE M. JONES
          VA Bar No. 75053
          Assistant United States Attorneys
          555 4th Street, N.W.
          Washington, D.C. 20530
          (312) 886-3389
          christopher.veatch@usdoj.gov