**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**


**v.**                                                          **21-cr-237 (RDM)**


**MATTHEW KLEIN**


**MOTION FOR INSTITUTION OF CONDITIONS OF PRETRIAL RELEASE**

Defendant, by and through undersigned counsel, respectfully prays

this Honorable Court for institution of conditions of pretrial release. In

support thereof, defendant sets forth as follows:

1.  On January 6, 2021 a demonstration occurred that began on the

Mall of the United States in Washington, D.C. Many participants in the

demonstration marched to the United States Capitol where a number of

demonstrators entered the Capitol. Different participants took part in

different activities while on the premises of the United States Capitol.

2. On March 23, 2021 defendant was arrested and charged with

offenses related to the January 6, 2021 demonstration., Defendant was

presented in a United States District Court in Portland Oregon where it was ruled that he be held without bond.

3. Defendant remains in custodial status at a facility in Portland, Oregon.

4. The discovery to be reviewed in this case is massive. There is in excess of 15,000 hours of videotaped evidence to be reviewed as well as numerous statements and other materials that must be produced pursuant to Federal Rule of Criminal Procedure 16, *Brady v, Maryland* and the Jencks Act, 18 U.S.C. 3500. Trial preparation will be time-intensive and it is not anticipated that defendant will be able to go to trial for a substantial period of time in order to prepare for trial with his counsel.

5. With respect to defendant's background he notes the following:

a. Defendant is the son of Christina missionaries. His parents currently reside in Oregon;

b. Defendant has no prior criminal convictions;

c. Mr. Klein is a third-year student attending George Fox University in Oregon where he is majoring in computer science;

d. Mr. Klein resides on a farm with his aunt and uncle. The farm is located at 25180 SE LaBrousse Road, Sherwin Oregon.  His aunt, Julie Zetterberg,

(503) 936-4582 has confirmed this information and is prepared to answer any additional inquiries the Court may have;

e. Defendant has previously been employed by Domino's Pizza, Fisher Roofing and worked in a fish warehouse in Alaska;

e. Defendant is an American citizen who was home schooled by his parents through high school prior to living with his Aunt. Mr. Klein lived on campus at George Fox University for three years with no incidents of bad conduct;

f. Matthew Klein is not alleged to be a member of the Proud Boys or any other organization alleged to have been involved in the events of January 6, 2021;

g. Defendant's mother, Nanci Klein, 541-215-9723, has represented to counsel she is prepared to move to her sister's farm to supervise defendant's activities should he be released from custody.

The United States Court of Appeals recently reiterated the long-standing principle that "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Munchel*, No. 21-3010, page 19, citing *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Detention prior to trial, pursuant to the Bail Reform Act of 1984, provides limited exceptions to release pending trial. The relevant inquiry is whether, "the defendant is a flight risk or a danger to the community. *United States v. Vasquez-Benitez,* 919 F.3d 546, 550 (D.C. Cir. 2019).

In assessing dangerousness, four statutory factors are to be evaluated by the district court. (1) the nature and c circumstances of the offense charged; (2) the weight of the evidence against the person (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. Sec. 3142 (g)(1)-(4). The burden is on the government to prove by clear and convincing evidence that "no condition or combination of condition will reasonably assure the safety of any other person and the community." Id. Sec. 3142 (f).

The government cannot satisfy its burden. This was a mass demonstration and the participants were encouraged by the President of the United States to march upon the capitol. Defendant has significant defenses to the charges related to his freedom of assembly, freedom of speech and there was no express prohibition against his entering the United States Capitol which is a public institution. Defendant's history and characteristics are those of a law-abiding college student who resides with

family members in a close-knit family many of whom are Christian missionaries. Defendant has never acted in a hostile or threatening manner toward any other individual.

The government has not and cannot present an articulable basis for holding Mr. Klein without bond. There simply is no factual basis upon which to reach such a conclusion.

Defendant notes that Court in *Munchel* specifically stated that "the government did not seek detention of defendants who admitted they pushed through the police barricades and defendants charged with punching officers, breaking windows, discharging tasers at officers, and with planning and fundraising for the riot." *Munchel*, supra page 20.

It is equally clear that defendant is not a risk of flight. He has substantial ties to the United States, and he is prepared to surrender his passport.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for insturtion of conditions of release pending trial.

Respectfully submitted,


_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C> 20015
(202) 347-0200

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and cuusrae tocpy of the foregoing eas served, via the Court's electronic filing system, upon all c counsel of record on this the 9th day of April 2021.


_____/s/_____
Steven R. Kiersh