```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA


    UNITED STATES OF AMERICA,
                                              Criminal Action
              Plaintiff,                      No. 1:21-cr-237

         vs.                                  Washington, DC
                                              April 1, 2021
    JONATHANPETER ALLEN KLEIN,
    et al.,                                   2:03 p.m.

              Defendants.
    _____/


          TRANSCRIPT OF VIDEO ARRAIGNMENT/STATUS CONFERENCE
             BEFORE THE HONORABLE RANDOLPH D. MOSS
                   UNITED STATES DISTRICT JUDGE


    APPEARANCES (Zoom):

    For the Government:       CHRISTOPHER K. VEATCH
                                U.S. Attorney's Office
                                Northern District of Illinois
                                219 S. Dearborn Street, 5th Floor
                                Chicago, IL 60604


    For Defendant             MICHELLE M. PETERSON
    J. Klein:                   Federal Public Defender's Office
                                for the District of Columbia
                                625 Indiana Ave, NW, Suite 550
                                Washington, DC 20004


    For Defendant             STEVEN R. KIERSH
    M. Klein:                   Law Office of Steven R. Kiersh
                                5335 Wisconsin Ave, NW, Suite 440
                                Washington, DC 20015


    Court Reporter:           JEFF M. HOOK
                                Official Court Reporter
                                U.S. District & Bankruptcy Courts
                                333 Constitution Avenue, NW
                                Washington, DC 20001
```

**P R O C E E D I N G S**

(Defendant Matthew Klein not present on video)

**DEPUTY CLERK:** This is criminal action 21-237, the United States of America versus Jonathanpeter Allen Klein and Matthew Leland Klein.  Appearing for the Government by video, Christopher Veatch; for defendant on behalf of Michelle Sweet, Shelli Peterson -- and that's defendant one. And then for defendant two, Steven Kiersh.

**THE COURT:** Well, thank you.  And which case are we going to start with, Kristin?

**DEPUTY CLERK:** Defendant one, your Honor.

**THE COURT:** And that's Jonathanpeter Klein, correct?

**DEPUTY CLERK:** Correct.

**THE COURT:** And Ms. Peterson, you're representing Mr. Klein?

**MS. PETERSON:** For the purposes of today's hearing, yes.  Michelle Sweet in another district, a Federal Public Defender, will be entering her appearance.  She's getting the paperwork completed, so I will represent him today.

**THE COURT:** Have you had a chance to confer with Mr. Klein about whether we should proceed by videoconference today, and whether he consents to doing his arraignment by videoconference?

**MS. PETERSON:** Yes, your Honor, I've spoken with Ms. Sweet who has conferred with Mr. Klein, and he does agree to waive his personal appearance and proceed by videoconference pursuant to the CARES Act.

**THE COURT:** Okay. As well as waiving his personal appearance for purposes of the arraignment?

**MS. PETERSON:** Yes.

**THE COURT:** All right, great. So why don't we -- I do conclude that it is appropriate for us to be proceeding by videoconference today in light of the pandemic. Among other things, Mr. Klein isn't in the District, and he would have to travel for purposes of the hearing today. I don't think that it's in the interest of Mr. Klein or the public health to do so, and so I do conclude that it's appropriate for us to proceed by videoconference today.

Let me ask the clerk to begin with the arraignment then.

**DEPUTY CLERK:** Yes, your Honor. May the record reflect that the defendant has received a copy of the indictment from counsel.

Jonathanpeter Allen Klein, in criminal case 21-237 in which you are charged in a six-count indictment with Conspiracy; Obstruction of an Official Proceeding and Aiding and Abetting; Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting; Destruction of

Government Property and Aiding and Abetting; Entering and Remaining in a Restricting Building or Grounds; Disorderly Conduct in a Restricted Building or Grounds, do you waive the formal reading of the indictment, and how do you wish to plea?

**MS. PETERSON:** On behalf of Mr. Klein, we would waive formal reading of the indictment, and enter a plea of not guilty to all of the charges and request a speedy jury trial. I would note, your Honor, that Mr. Klein does not actually have a copy of the indictment in his possession, but Ms. Sweet has gone over it with him and will be providing it to him. But we are prepared to go forward with the arraignment.

**THE COURT:** Okay, thank you. In addition, I want to take this occasion to note that pursuant to the Due Process Protection Act, the Court orders that all government counsel shall review their disclosure obligations under Brady vs. Maryland and its progeny as set forth in local criminal rule 5.1, and shall comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of the individual charges, exclusion of government evidence or witnesses, continuances, bar discipline or any other remedy that is just under the circumstances.

Mr. Veatch, does the Government understand its

1    obligations under Brady?

2         **MR. VEATCH:**  Yes, it does, your Honor.  Thank you.

3         **THE COURT:**  Okay, thank you.  And so Ms. Peterson,
4    what do you suggest with respect to next steps in this
5    matter?

6         **MS. PETERSON:**  Yes, your Honor.  We have asked,
7    and I believe the Court has told -- or the courtroom deputy
8    has told us that May 7th is available for a next court
9    appearance.  We would be prepared to exclude time from now
10   until then from the Speedy Trial clock on the grounds that
11   counsel is getting her admission finalized, and needs to go
12   through and get discovery from the Government and have some
13   additional conversations with her client before she'll be
14   prepared to proceed any further.

15        I would ask -- and I think this has been
16   requested, but the Court may not be able to do anything
17   about it.  But he's presently housed in Oregon which is
18   where his lawyer is.  We would like for that to remain the
19   status quo if possible through the Marshals Service, at
20   least until these initial matters are resolved.

21        **THE COURT:**  And what I've done in the past under
22   similar circumstances is enter my minute order in which I
23   recommend to the Marshals Service that they allow him to
24   stay where he is so that he's close to his counsel.  I don't
25   know that I actually have the authority to order the

1  Marshals Service as to where they house him, but I'm happy
2  to make that recommendation.  I'll put it on the record in
3  this case, but I'll have to leave it up to you,
4  Ms. Peterson, or Ms. Sweet to make sure that that gets
5  brought to the attention of the Marshals Service.

6  **MS. PETERSON:**  Thank you, your Honor.

7  **THE COURT:**  And are you proposing that when we
8  meet on May 7th that we do this by video again?

9  **MS. PETERSON:**  Yes, your Honor.

10  **THE COURT:**  And Kristin, do we have availability
11  on May 7th?

12  **DEPUTY CLERK:**  Yes, your Honor, at 2:00 p.m.

13  **THE COURT:**  Then I'll put this matter down for
14  another videoconference at 2:00 p.m. on May 7th, and I'll
15  exclude time between now and then under the ends of justice
16  exception to the Speedy Trial Act.  The Court concludes that
17  the continuance is in the interest of justice, and that
18  interest outweighs the best interest of the public and the
19  defendant in a Speedy Trial.  And in particular, the time is
20  necessary to allow Mr. Klein's attorney to gain admission to
21  the bar here, to obtain discovery from the Government and to
22  be able to confer with Mr. Klein about the discovery to be
23  able to make reasoned decisions about how to proceed with
24  this case.

25  Ms. Peterson, anything else you wanted to raise

1  today?

2  **MS. PETERSON:**  No, your Honor.  Thank you.

3  **THE COURT:**  Thank you.  And Mr. Veatch, anything
4  else you want to raise with respect to this matter?

5  **MR. VEATCH:**  No, your Honor, other than I've
6  spoken with the U.S. Marshals in Portland, and they seemed
7  amenable to keeping him housed out there.  I will reach out
8  as well to let them know of the Court's order -- or the
9  Court's minute order recommending that he remain there.

10  **THE COURT:**  I appreciate that, thank you.  It may
11  be easier for you to get in touch with the Marshals Service
12  than Ms. Peterson, so thank you.

13  **MS. PETERSON:**  I appreciate that as well, thank
14  you.

15  **THE COURT:**  All right.  So anything else with
16  respect to this matter or should we move to the matter of
17  Matthew Klein?

18  **MS. PETERSON:**  Nothing further, your Honor.

19  **THE COURT:**  All right, thank you.  So if Matthew
20  Klein could appear, we'll proceed with that one.

21  **MS. PETERSON:**  And may I be excused?

22  **THE COURT:**  You may be.  Thank you, Ms. Peterson.

23  **MS. PETERSON:**  Thank you.

24     (Ms. Peterson and Defendant Jonathanpeter Klein not
25        present on video)

**1**     (Defendant Matthew Klein present on video)

**2**     **THE COURT:** So Mr. Kiersh, same questions for you, have you had a chance to confer with Matthew Klein about having today's proceeding by videoconference and to do the arraignment by videoconference today, and what is his view about how he'd like to proceed?

**7**     **MR. KIERSH:** Good afternoon, your Honor. Steven Kiersh on behalf of Matthew Klein. I have spoken with Mr. Klein. I'm appearing remotely, and he consents to appearing remotely for purposes of the arraignment. And Mr. Klein has received a copy of the indictment, and we've gone over it in detail.

**13**    **THE COURT:** And does he also consent to appearing remotely for purposes of the status conference today?

**15**    **MR. KIERSH:** Yes, he does, your Honor.

**16**    **THE COURT:** Okay, thank you. So why don't we proceed then with the arraignment.

**18**    **DEPUTY CLERK:** Yes, your Honor. May the record reflect that the defendant has received a copy of the indictment from counsel.

**21**    Matthew Leland Klein, in criminal case 21-237 in which you are charged in a six-count indictment with Conspiracy; Obstruction of an Official Proceeding and Aiding and Abetting; Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting; Destruction of Government

**1**  Property and Aiding and Abetting; Entering and Remaining in

**2**  a Restricted Building or Grounds; and Disorderly Conduct in

**3**  a Restricted Building or Grounds, do you waive the formal

**4**  reading of the indictment, and how do you wish to plea?

**5**  **MR. KIERSH:**  On behalf of Matthew Klein, we do

**6**  waive the formal reading.  We enter a plea of not guilty as

**7**  to each count in the indictment.  We reserve Mr. Klein's

**8**  right to a speedy jury trial.  And we reserve each of his

**9**  rights under the United States Constitution.

**10**  **THE COURT:**  All right, thank you.  I will, as

**11**  before, instruct the Government that pursuant to the Due

**12**  Process Protection Act, the Court orders that all government

**13**  counsel shall review their disclosure obligations under

**14**  Brady vs. Maryland and its progeny as set forth in local

**15**  criminal rule 5.1, and shall comply with those provisions.

**16**  The failure to comply could result in dismissal of the

**17**  indictment or information, dismissal of the individual

**18**  charges, exclusion of government evidence or witnesses,

**19**  continuances, bar discipline or any other remedy that is

**20**  just under the circumstances.

**21**  Mr. Kiersh, how do you propose that we proceed

**22**  with respect to Matthew Klein's case?

**23**  **MR. KIERSH:**  The May 7th date at 2:00 p.m. works

**24**  fine on behalf of Mr. Klein and myself.  I would note that

**25**  Mr. Klein is being held similarly to the co-defendant in a

1  facility in Oregon.  He has a court hearing in that matter
2  scheduled for tomorrow, April 2nd.  I'm in contact with his
3  Oregon state lawyer about that matter, and we're not really
4  sure procedurally where that case stands.  But it will
5  probably be trailing this case.  But I would ask that
6  Mr. Klein, like his brother, be -- continue to be held in
7  Oregon while we sort things out and while we get a discovery
8  plan developed.

9  **THE COURT:**  Well, I will enter the same minute
10 order that I did with respect to his brother, and recommend
11 to the Marshals Service that he be allowed to stay in
12 Oregon.  I take it Mr. Veatch will pass that along to the
13 Marshals Service as well.

14 **MR. VEATCH:**  Yes, your Honor.

15 **THE COURT:**  Okay, thank you.  Mr. Kiersh, have you
16 had a chance to confer with Matthew about the Speedy Trial
17 Act and how it applies in his case?

18 **MR. KIERSH:**  Yes, I have, your Honor.  We do not
19 object to tolling of the Speedy Trial Act due to the nature
20 and the extent of discovery that's present in this case.

21 **THE COURT:**  Okay.  So I'll put this matter down as
22 well for a status conference on May 7th at 2:00 p.m., and
23 I'll toll time between now and then under the ends of
24 justice exception to the Speedy Trial Act.  The Court
25 concludes that the continuance would serve the interests of

1   justice, and those interests outweigh the best interest of
2   the public and the defendant in a Speedy Trial.  And in
3   particular, the additional time is necessary to ensure that
4   Matthew Klein receives the discovery to which he's entitled,
5   and he has an opportunity to confer with his client -- with
6   his lawyer with respect to that discovery as well as the
7   ongoing pandemic and the health risks it poses.  So for all
8   those reasons, the Court concludes it is appropriate to
9   exclude time between now and May 7th.
10            Mr. Kiersh, is there anything else you wanted to
11  raise today?
12            **MR. KIERSH:**  Yes, your Honor.  I do have some
13  short ex parte representations to make.
14            **THE COURT:**  Okay.  So any objection from the
15  Government to Mr. Kiersh doing that?
16            **MR. VEATCH:**  No, your Honor.
17            **THE COURT:**  All right.  So before we turn to that,
18  Mr. Veatch, was there anything else the Government wanted to
19  raise?
20            **MR. VEATCH:**  No, your Honor.  Thank you.
21            **THE COURT:**  Okay.  So I'm going to excuse
22  everybody other than Matthew Klein, Mr. Kiersh and the court
23  personnel.  I'll request that everyone else get off the
24  video.  It may take a moment for the Deputy Clerk to close
25  the public line for purposes of having an ex parte

1   representation to the Court.
2           **MR. VEATCH:**  Thank you, your Honor.
3           **THE COURT:**  Thank you, Mr. Veatch.
4       (Sealed proceedings placed under separate cover)
5       (Public proceedings adjourned at 2:15 p.m.)

# C E R T I F I C A T E

I, **Jeff Hook, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the remotely reported proceedings in the above-entitled matter.

**PLEASE NOTE:** This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of court reporting remotely.

**April 15, 2021**                                     _[signature]_
DATE                                                   Jeff M. Hook

**1**
19 [1]   13/8
1:21-cr-237 [1]   1/4
**2**
20001 [1]   1/25
20004 [1]   1/18
20015 [1]   1/21
2021 [1]   1/5
21-237 [3]   2/3 3/21 8/21
219 [1]   1/14
237 [4]   1/4 2/3 3/21 8/21
2:00 p.m [4]   6/12 6/14 9/23 10/22
2:03 [1]   1/6
2:15 [1]   12/5
2nd [1]   10/2
**3**
333 [1]   1/24
**4**
440 [1]   1/21
**5**
5.1 [2]   4/19 9/15
5335 [1]   1/21
550 [1]   1/18
5th [1]   1/14
**6**
60604 [1]   1/15
625 [1]   1/18
**7**
7th [7]   5/8 6/8 6/11 6/14 9/23 10/22 11/9

**A**
Abetting [6]   3/24 3/25 4/1 8/24 8/25 9/1
able [3]   5/16 6/22 6/23
above [1]   13/5
above-entitled [1]   13/5
Act [7]   3/4 4/16 6/16 9/12 10/17 10/19 10/24
action [2]   1/3 2/3
actually [2]   4/10 5/25
addition [1]   4/14
additional [2]   5/13 11/3
adjourned [1]   12/5
admission [2]   5/11 6/20
afternoon [1]   8/7
again [1]   6/8
agree [1]   3/3
Aiding [6]   3/24 3/25 4/1 8/23 8/25 9/1
al [1]   1/6

ALLEN [3]   1/6 2/4 3/21
allow [2]   5/23 6/20
allowed [1]   10/11
along [1]   10/12
amenable [1]   7/7
AMERICA [2]   1/3 2/4
Among [1]   3/10
appear [1]   7/20
appearance [4]   2/19 3/3 3/6 5/9
APPEARANCES [1]   1/12
appearing [4]   2/5 8/9 8/10 8/13
applies [1]   10/17
appreciate [2]   7/10 7/13
appropriate [3]   3/9 3/14 11/8
April [2]   1/5 10/2
April 2nd [1]   10/2
arraignment [8]   1/9 2/24 3/6 3/16 4/13 8/5 8/10 8/17
ARRAIGNMENT/STATUS [1]   1/9
attention [1]   6/5
attorney [1]   6/20
Attorney's [1]   1/13
authority [1]   5/25
availability [1]   6/10
available [1]   5/8
Ave [2]   1/18 1/21
Avenue [1]   1/24

**B**
Bankruptcy [1]   1/24
bar [3]   4/23 6/21 9/19
begin [1]   3/16
behalf [5]   2/6 4/6 8/8 9/5 9/24
best [2]   6/18 11/1
Brady [3]   4/18 5/1 9/14
brother [2]   10/6 10/10
brought [1]   6/5
Building [4]   4/2 4/3 9/2 9/3

**C**
CARES [1]   3/4
case [10]   2/9 3/21 6/3 6/24 8/21 9/22 10/4 10/5 10/17 10/20
certify [1]   13/4
chance [3]   2/22 8/3 10/16
charged [2]   3/22 8/22
charges [3]   4/8 4/22 9/18
Chicago [1]   1/15
CHRISTOPHER [2]   1/13 2/6
circumstances [3]

4/24 5/22 9/20
Civil [2]   3/25 8/24
clerk [2]   3/16 11/24
client [2]   5/13 11/5
clock [1]   5/10
close [2]   5/24 11/24
co [1]   9/25
co-defendant [1]   9/25
COLUMBIA [2]   1/1 1/17
completed [1]   2/20
comply [4]   4/19 4/20 9/15 9/16
conclude [2]   3/9 3/14
concludes [3]   6/16 10/25 11/8
Conduct [2]   4/3 9/2
confer [5]   2/22 6/22 8/3 10/16 11/5
conference [3]   1/9 8/14 10/22
conferred [1]   3/2
consent [1]   8/13
consents [2]   2/24 8/9
Conspiracy [2]   3/23 8/23
Constitution [2]   1/24 9/9
contact [1]   10/2
continuance [2]   6/17 10/25
continuances [2]   4/23 9/19
continue [1]   10/6
conversations [1]   5/13
copy [4]   3/19 4/10 8/11 8/19
counsel [6]   3/20 4/17 5/11 5/24 8/20 9/13
count [3]   3/22 8/22 9/7
court [16]
Court's [2]   7/8 7/9
courtroom [1]   5/7
Courts [1]   1/24
cover [1]   12/4
COVID [1]   13/8
COVID-19 [1]   13/8
cr [1]   1/4
criminal [6]   1/3 2/3 3/21 4/19 8/21 9/15

**D**
date [2]   9/23 13/14
DC [4]   1/5 1/18 1/21 1/25
Dearborn [1]   1/14
decisions [1]   6/23
defendant [14]
Defendants [1]   1/7
Defender [1]   2/19

Defender's [1]   1/17
deputy [2]   5/7 11/24
Destruction [2]   3/25 8/25
detail [1]   8/12
developed [1]   10/8
discipline [2]   4/23 9/19
disclosure [2]   4/17 9/13
discovery [7]   5/12 6/21 6/22 10/7 10/20 11/4 11/6
dismissal [4]   4/20 4/21 9/16 9/17
Disorder [2]   3/25 8/25
Disorderly [2]   4/2 9/2
district [8]   1/1 1/1 1/10 1/14 1/17 1/24 2/18 3/11
done [1]   5/21
down [2]   6/13 10/21
due [3]   4/15 9/11 10/19
during [3]   3/24 8/24 13/7

**E**
easier [1]   7/11
else [6]   6/25 7/4 7/15 11/10 11/18 11/23
ends [2]   6/15 10/23
Enforcement [2]   3/24 8/24
ensure [1]   11/3
enter [4]   4/7 5/22 9/6 10/9
entering [3]   2/19 4/1 9/1
entitled [2]   11/4 13/5
et [1]   1/6
everybody [1]   11/22
everyone [1]   11/23
evidence [2]   4/22 9/18
ex [2]   11/13 11/25
exception [2]   6/16 10/24
exclude [3]   5/9 6/15 11/9
exclusion [2]   4/22 9/18
excuse [1]   11/21
excused [1]   7/21
extent [1]   10/20

**F**
facility [1]   10/1
failure [2]   4/20 9/16
Federal [2]   1/17 2/18
finalized [1]   5/11
fine [1]   9/24
Floor [1]   1/14

**F**

For Defendant [1] 1/16
foregoing [1] 13/4
formal [4] 4/4 4/7 9/3 9/6
forth [2] 4/18 9/14
forward [1] 4/12
further [2] 5/14 7/18

**G**

gain [1] 6/20
gets [1] 6/4
Good [1] 8/7
government [14]
great [1] 3/8
grounds [5] 4/2 4/3 5/10 9/2 9/3
guilty [2] 4/8 9/6

**H**

happy [1] 6/1
health [2] 3/14 11/7
hearing [4] 2/18 3/12 10/1 13/7
held [2] 9/25 10/6
Honor [21]
HONORABLE [1] 1/10
HOOK [3] 1/23 13/3 13/14
house [1] 6/1
housed [2] 5/17 7/7

**I**

IL [1] 1/15
Illinois [1] 1/14
Indiana [1] 1/18
indictment [12] 3/20 3/22 4/4 4/7 4/10 4/21 8/11 8/20 8/22 9/4 9/7 9/17
individual [2] 4/21 9/17
information [2] 4/21 9/17
initial [1] 5/20
instruct [1] 9/11
interest [5] 3/13 6/17 6/18 6/18 11/1
interests [2] 10/25 11/1

**J**

JEFF [3] 1/23 13/3 13/14
JONATHANPETER [5] 1/6 2/4 2/12 3/21 7/24
JUDGE [1] 1/10
jury [2] 4/8 9/8
justice [4] 6/15 6/17 10/24 11/1

**K**

keeping [1] 7/7
KIERSH [10] 1/20 1/20 2/8 8/2 8/8

9/21 10/15 11/10 11/15 11/22
KLEIN [31]
Klein's [3] 6/20 9/7 9/22
Kristin [2] 2/10 6/10

**L**

Law [3] 1/20 3/24 8/24
lawyer [3] 5/18 10/3 11/6
least [1] 5/20
leave [1] 6/3
Leland [2] 2/5 8/21
light [1] 3/10
limitations [1] 13/9
line [1] 11/25
local [2] 4/18 9/14

**M**

Marshals [8] 5/19 5/23 6/1 6/5 7/6 7/11 10/11 10/13
Maryland [2] 4/18 9/14
matter [9] 5/5 6/13 7/4 7/16 7/16 10/1 10/3 10/21 13/6
matters [1] 5/20
Matthew [13] 2/2 2/5 7/17 7/19 8/1 8/3 8/8 8/21 9/5 9/22 10/16 11/4 11/22
may [14]
May 7th [7] 5/8 6/8 6/11 6/14 9/23 10/22 11/9
meet [1] 6/8
MICHELLE [3] 1/16 2/7 2/18
minute [3] 5/22 7/9 10/9
moment [1] 11/24
MOSS [1] 1/10
move [1] 7/16
Mr. [26]
Mr. Kiersh [6] 8/2 9/21 10/15 11/10 11/15 11/22
Mr. Klein [13] 2/16 2/23 3/2 3/11 3/13 4/6 4/9 6/22 8/9 8/11 9/24 9/25 10/6
Mr. Klein's [2] 6/20 9/7
Mr. Veatch [5] 4/25 7/3 10/12 11/18 12/3
Ms. [8] 2/15 3/2 4/11 5/3 6/4 6/4 6/25 7/22
Ms. Peterson [5] 2/15 5/3 6/4 6/25 7/22
Ms. Sweet [3] 3/2 4/11 6/4

myself [1] 9/24

**N**

nature [1] 10/19
necessary [2] 6/20 11/3
needs [1] 5/11
next [2] 5/4 5/8
Northern [1] 1/14
note [4] 4/9 4/15 9/24 13/7
NW [3] 1/18 1/21 1/24

**O**

object [1] 10/19
objection [1] 11/14
obligations [3] 4/17 5/1 9/13
Obstruction [4] 3/23 3/24 8/23 8/24
obtain [1] 6/21
occasion [1] 4/15
occurred [1] 13/7
off [1] 11/23
office [3] 1/13 1/17 1/20
Official [4] 1/23 3/23 8/23 13/3
one [3] 2/7 2/11 7/20
ongoing [1] 11/7
opportunity [1] 11/5
order [5] 5/22 5/25 7/8 7/9 10/10
orders [2] 4/16 9/12
Oregon [5] 5/17 10/1 10/3 10/7 10/12
out [3] 7/7 7/7 10/7
outweigh [1] 11/1
outweighs [1] 6/18
over [2] 4/11 8/12

**P**

p.m [6] 1/6 6/12 6/14 9/23 10/22 12/5
pandemic [3] 3/10 11/7 13/8
paperwork [1] 2/20
parte [2] 11/13 11/25
particular [2] 6/19 11/3
pass [1] 10/12
past [1] 5/21
personal [2] 3/3 3/5
personnel [1] 11/23
PETERSON [9] 1/16 2/7 2/15 5/3 6/4 6/25 7/12 7/22 7/24
placed [1] 12/4
Plaintiff [1] 1/4
plan [1] 10/8
plea [4] 4/5 4/7

9/4 9/6
PLEASE [1] 13/7
Portland [1] 7/6
poses [1] 11/7
possession [1] 4/10
possible [1] 5/19
prepared [3] 4/12 5/9 5/14
present [4] 2/2 7/25 8/1 10/20
presently [1] 5/17
probably [1] 10/5
procedurally [1] 10/4
proceed [9] 2/23 3/3 3/15 5/14 6/23 7/20 8/6 8/17 9/21
proceeding [4] 3/9 3/23 8/4 8/23
proceedings [3] 12/4 12/5 13/5
Process [2] 4/16 9/12
progeny [2] 4/18 9/14
Property [2] 4/1 9/1
propose [1] 9/21
proposing [1] 6/7
Protection [2] 4/16 9/12
providing [1] 4/12
provisions [2] 4/19 9/15
public [7] 1/17 2/19 3/13 6/18 11/2 11/25 12/5
purposes [6] 2/17 3/6 3/12 8/10 8/14 11/25
pursuant [3] 3/4 4/15 9/11
put [3] 6/2 6/13 10/21

**Q**

quo [1] 5/19

**R**

raise [4] 6/25 7/4 11/11 11/19
RANDOLPH [1] 1/10
reach [1] 7/7
reading [4] 4/4 4/7 9/4 9/6
really [1] 10/3
reasoned [1] 6/23
reasons [1] 11/8
received [3] 3/19 8/11 8/19
receives [1] 11/4
recommend [2] 5/23 10/10
recommendation [1] 6/2
recommending [1] 7/9
record [3] 3/18 6/2 8/18
reflect [2] 3/19

## R

reflect... [1]   8/19
remain [2]   5/18 7/9
Remaining [2]   4/2 9/1
remedy [2]   4/23 9/19
remotely [5]   8/9 8/10 8/14 13/5 13/9
reported [1]   13/5
Reporter [3]   1/23 1/23 13/3
reporting [1]   13/9
represent [1]   2/20
representation [1]   12/1
representations [1]   11/13
representing [1]   2/15
request [2]   4/8 11/23
requested [1]   5/16
reserve [2]   9/7 9/8
resolved [1]   5/20
respect [6]   5/4 7/4 7/16 9/22 10/10 11/6
Restricted [3]   4/3 9/2 9/3
Restricting [1]   4/2
result [2]   4/20 9/16
review [2]   4/17 9/13
right [6]   3/8 7/15 7/19 9/8 9/10 11/17
rights [1]   9/9
risks [1]   11/7
rule [2]   4/19 9/15

## S

same [2]   8/2 10/9
scheduled [1]   10/2
Sealed [1]   12/4
seemed [1]   7/6
separate [1]   12/4
serve [1]   10/25
Service [7]   5/19 5/23 6/1 6/5 7/11 10/11 10/13
set [2]   4/18 9/14
shall [4]   4/17 4/19 9/13 9/15
Shelli [1]   2/7
short [1]   11/13
similar [1]   5/22
similarly [1]   9/25
six [2]   3/22 8/22
six-count [2]   3/22 8/22
sort [1]   10/7
speedy [9]   4/8 5/10 6/16 6/19 9/8 10/16 10/19 10/24 11/2
spoken [3]   3/1 7/6 8/8
stands [1]   10/4
start [1]   2/10

state [1]   10/3
STATES [5]   1/1 1/3 1/10 2/4 9/9
status [4]   1/9 5/19 8/14 10/22
stay [2]   5/24 10/11
steps [1]   5/4
STEVEN [4]   1/20 1/20 2/8 8/7
Street [1]   1/14
subject [1]   13/8
suggest [1]   5/4
Suite [2]   1/18 1/21
sure [2]   6/4 10/4
Sweet [5]   2/7 2/18 3/2 4/11 6/4

## T

technological [1]   13/9
therefore [1]   13/8
today [9]   2/21 2/24 3/10 3/12 3/15 7/1 8/5 8/14 11/11
today's [2]   2/17 8/4
told [2]   5/7 5/8
toll [1]   10/23
tolling [1]   10/19
tomorrow [1]   10/2
touch [1]   7/11
trailing [1]   10/5
transcript [2]   1/9 13/4
travel [1]   3/12
trial [9]   4/9 5/10 6/16 6/19 9/8 10/16 10/19 10/24 11/2
true [1]   13/4
turn [1]   11/17
two [1]   2/8

## U

U.S [3]   1/13 1/24 7/6
under [10]   4/17 4/24 5/1 5/21 6/15 9/9 9/13 9/20 10/23 12/4
UNITED [5]   1/1 1/3 1/10 2/4 9/9
up [1]   6/3

## V

VEATCH [7]   1/13 2/6 4/25 7/3 10/12 11/18 12/3
versus [1]   2/4
video [7]   1/9 2/2 2/6 6/8 7/25 8/1 11/24
videoconference [8]   2/23 2/25 3/4 3/10 3/15 6/14 8/4 8/5
view [1]   8/5

## W

waive [5]   3/3 4/3 4/7 9/3 9/6
waiving [1]   3/5

Washington [4]   1/5 1/18 1/21 1/25
Wisconsin [1]   1/21
wish [2]   4/4 9/4
witnesses [2]   4/22 9/18
works [1]   9/23

## Z

Zoom [1]   1/12