## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**


**v.**                                    **21-cr-237 (RDM)**



**UNITED STATES OF AMERICA**

### REPLY TO OPPOSITION TO MOTION FOR INSTITUTION OF CONDITIONS OF RELEASE

Defendant, by and through undersigned counsel, does hereby reply as follows to the government's Opposition to Motion for Institution of conditions of release.

The Opposition submitted by the United States is essentially the same pleading that was filed in the United States District Court in Oregon.

Image Number 1, a photograph taken on January 5, 2021, is offered by the United States as "valuable in assisting with identifying the defendant and his co-defendant and tracking each other's conduct as they breached the Capitol and assisted and attempted to assist others with doing so." Government opposition, PACER 14, page 4.

Defendant submits the government's reliance on the photograph is an entirely baseless argument in support of defendant's purported dangerousness. What the photograph depicts with respect to Matthew Klein is a young man, properly wearing a mask during the pandemic, standing in a completely peaceful manner and not engaging in threatening conduct. He is standing next to his brother who is allegedly flashing some type of hand signal that is not in any manner whatsoever attributed to Matthew Klein.

The exhibit/photograph shows absolutely nothing that can be interpreted as illegal conduct. Rather, the photograph shows an entirely lawful presence on the part of defendant. Surely, the United States cannot reasonably be arguing that the exhibit/photograph depicts illegal or inappropriate conduct.

In its opposition the government makes very generalized accusations concerning the events of January 6, 2021 primarily related to individuals other than defendant. The entire specific conduct attributed to defendant is alleged in the opposition as follows:

> The defendant was among the first groups of rioters to enter the Capitol after it was breached at approximately at 2:13 p.m. (e.g., the defendant entered the building at 2:18 P.M.) Prior to doing so, the defendant assisted others with ascending a wall to gain access to a stairwell leading to the Capitol's Upper West Terrace. And later that day,

2

unsatisfied with their actions thus far, the defendant, surrounded and assisted by other rioters, joined with his co-defendant to wrench open a secure Capitol door and force law enforcement officers to fend off yet another wave of rioters attempting to gain entry to the Capitol.

Id., 18.

The government then argues that the weight and strength of its evidenced based upon, "videos and images of his conduct on January 6th, travel records, and items from the defendant and his co-defendant's accounts…." supports detention Id., 19. When the supposed strong items of evidence are analyzed, it is clear that the government does not possess strong evidence against defendant Matthew Klein to allow for detention prior to trial.

**a. Video and images of defendant's conduct**: Defendant reiterates that the images and video of him taken in and around Washington, D.C. on January 5, 2021 and January 6, 2021 only prove that he was lawfully in the District of Columbia on that date. His attire is perfectly proper, and the purported hand signal being shown is that of his brother and there is absolutely nothing illegal about shaping one's fingers in a specific form. There is no doubt, based up review of video footage from January 6, 2021, that the march to the Capitol was conducted at the specific instruction of the then President of the United States.

The images in the video footage are subject to interpretation. However, in and of themselves, they do not constitute grounds for concluding dangerousness of defendant Matthew Klein. In this regard, the other evidence in support of defendant's request for institution of conditions of release, including but not limited to, his verified address with family members, his attendance as a senior at a University in Oregon, his strong familial ties to Christian missionaries and his lack of any prior criminal convictions, individually and collectively, satisfy the rebuttable presumption of dangerousness.

b**. Travel records**: Clearly, the government cannot be arguing that traveling from one jurisdiction to the Nations' capitol is somehow illegal or suggests any inappropriate behavior. As argued in his initial Motion for Institution of Conditions of Release, defendant has every right to travel in this country and exercise his rights of speech and assembly.

c. **Items from the defendant's account:** The government mistakenly tries to conflate the co-defendant's account with his account. The government cites to "employer records for J. Klein (co-defendant)" for some unknown reason, Id. 8; The government argues "Search warrant records from Google which show that a mobile device associated with J. Klein's (co-defendant) gmail.com account was present at various locations in and

around the U.S. Capitol building on January 6, 2021…." Id.; The
government cites "Search warrant records from Google containing
information associated with JKlein's (co-defendant) g-mail.com account,
including images that appear to be backup WhatsApp files from a mobile
device…." Id.

Of particular significance is a footnote in which the government
acknowledges in relevant part, "A similar record was not found regarding
the defendant's g-mail account. Similarly, records obtained through a
search warrant served on Verizon indicate that J. Klein's (co-defendant)
known cellular telephone number was identified as having utilized a cell site
consistent with providing service to a geographic area that includes the
interior of the U.S. Capitol building on January 6, 2021. Similar cell site
usage by the defendant's known telephone number was not identified." Id.

The footnote is unambiguous. There is no inculpatory cellphone data
as evidence against defendant Matthew Klein and the government is
mistakenly and inappropriately attempting to conflate the two men.
"Detention determinations must be made individually and, in the final
analysis, must be based on the evidence before the Court regarding the
particular defendant." *United States v. Tortora*, 922 F.2d 880, 888 (1st Cor,
1990).

The generalized nature of the events of January 6, 2021 were serious in nature. However, in the context of this proceeding related to pretrial detention, Defendant Matthew Klein should only be held accountable for what the government can prove against him individually by clear and convincing evidence. The government has not carried its burden. This is particularly true considering the very favorable personal characteristics of defendant that are not disputed. In addressing the standards for institution of conditions of rerelease related to the events of January 6, 2021, the D.C. Circuit held, "we have a great constitutional obligation to ensure that the facts and circumstances of each case warrant this exceptional [pretrial detention] treatment. *United States v. Munchel*, No. 21-3010, March 26, 2021, 20-21.

Matthew Klein is a young man with no prior criminal convictions who lawfully attended a rally on the mall of the United States sponsored by the then President of the United States on January 6, 2021. He lawfully purchased his travel tickets and lawfully expressed his rights of freedom of speech and freedom of assembly. There are others charged in these events who engaged in far more violent and disturbing actions that what are alleged against Matthew Klein. His family supports him and welcomes him to reside with them. He will surrender his passport and there is

absolutely nothing in the record before the Court to suggest he will not abide by conditions of release.

Defendant notes that on April 16, 2021 defendant John Schaffer entered remote pleas of guilty to multiple felony offenses related to his participation in the events of January 6, 2021. Deputy Attorney General John Carlin noted that Schaffer was wearing a tactical vest and possessed bear spray during his participation.

It is clear that Schaffer was engaged in far more dangerous activities than Matthew Klein. "The Environmental Protection Agency regulates bear spray as a pesticide, with an agency-mandated label that states, in part, HAZARDS TO HUMANS: May cause irreversible physical damage if sprayed in the eye at close range." https://www.wahingtonpost.com, March 19, 2021.

On April 12, 2021 the Honorable John D. Bates of this Court issued an opinion in *United States v. Klein*, Crim No. No. 21-236 (JDB) (no relation) ordering the release of a pretrial defendant on charges related to the events of January 6, 2021. Pacer DOCUMENT 29. Klein was charged with three felony and five misdemeanor charges. In ruling that Klein should be released Judge Bates noted the following factors:

1."There is no evidence that Klein…assumed any meaningful leadership role…." Opinion, page 14.

2. Klein's conduct included engaging in a coordinated effort to wedge a riot shield to push open a closing door.  Judge Bates ruled this conduct to be "troubling" but characterized it as spur-of-moment and not "the same kind of coordination concerns as other cases." Id. 15;

3. "He [Klein] is not charged with injuring anyone and, unlike with other defendants, the government does not submit that Klein intended to injure officers." id. 15-16.

Notwithstanding the findings of Judge Bates that Klein's conduct was "deeply troubling and reveals some propensity for violence", Id. 17, he was released because he "shows his potential to live a law-abiding life." Id. 21. Judge Bates further noted that any potential future conduct of Klein can be "mitigated with supervision and other strict conditions of release.:" Id. 25.

There is no conceivable rationalization or justification to allow a man such as Schaffer who was wearing a tactical vest and possessed a dangerous pesticide such as bear spray to be released pending trial while holding Matthew Klein in pre-trial detention. Similarly, it is entirely unjust to hold Matthew Klein when the defendant before Judge Bates was alleged by the government to have "placed himself in the thick of the violence aimed at

breaking through the center doorway of the Lower West Terrace….”
Opposition to Motion for Release, 21-cr-236, PACER Document 25, page
5. The government added, “Klein…used physical violence against a line of
police officers who were protecting the entrance…He ignored police
orders…by engaging in hand-to-hand violence against police officers while
wielding an apparently stolen police riot shield.” Id.

The government's arguments concerning Matthew Klein are
inconsistent with rulings form other Judges of this Court and cannot be
considered as persuasive authority pursuant to the Bail Reform Act.

Defendant prays this Honorable Court consider his request for
institution of conditions of release based solely on issues related to
Matthew Klein and to grant his request for institution of conditions of
release pending trial.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W
Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HWREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the 16th day of April 2021.


_____/s/_____
Steven R. Kiersh