IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 1:21-cr-00237-RDM |
| MATTHEW LELAND KLEIN, | ) ) | |
| Defendant, | ) ) | |

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

Matthew L. Klein, through counsel, respectfully moves the Court to modify his conditions of pretrial release, to remove the third-party custodian requirement, remove the curfew requirement, modify his social media restrictions, and remove the provision of the pretrial release order prohibiting contact with Jonathanpeter Klein. In support of his motion, Mr. Klein states as follows:

**Background**

1. Mr. Klein is currently on pretrial release awaiting trial for charges related to the events of January 6, 2021.

2. After an initial period of detention, Mr. Klein was released to the custody of his aunt, Donna Thibodeau, with whom he resides. ECF 37.

3. Mr. Klein was originally confined to home detention and his travel was restricted to Baker County, Oregon. ECF 38.

4. On September 20, 2021, this Court issued the following minute order revising the conditions of pretrial release as follows:

> (1) Defendant shall, in place of home detention, abide by a curfew lasting from 10:00 p.m. to 5:00 a.m.; (2) Defendant's internet restrictions are removed, aside from the prohibition on his use of social media; and (3) Defendant's third-party

custodian is no longer required to submit declarations. Defendant is advised that, should the curfew interfere with work-related travel, Defendant is to promptly inform pretrial services, who may make necessary adjustments to accommodate such travel. Defendant's third-party custodian is further advised that her legal duty to report any violations of Defendant's pretrial release conditions remains in place.

**Third Party Custodianship**

5. Mr. Klein has been living with his aunt since release: first on home detention and then under a strict curfew.

6. In the past 13 months, Mr. Klein has not committed a single violation. He has been fully cooperative with pretrial services.

7. Mr. Klein wishes to move out of his aunt's home.

8. Mr. Klein would consent to regular visits by the probation office as a condition

**Curfew**

9. Since the conditions of release were last updated, Mr. Klein has started a new job that occasionally assigns him to night shifts and asks him to work at different job sites.

10. Mr. Klein has successfully worked with pretrial services on numerous occasions to accommodate these work-related requests. When, Mr. Klein requests an accommodation, pretrial services shift the curfew hours so that it will cover an equivalent length of time during a different part of the day.

11. Accordingly, Mr. Klein asks the Court to remove the curfew requirement.

**Social Media Restriction**

12. Mr. Klein has dutifully abided by this restriction so far, but the inability to use social media has had severe negative impacts on his life. First, Mr. Klein's sister currently lives overseas, and social media is the best way to communicate with her. Second, Mr. Klein is getting involved in investing, particularly blockchain assets, and Twitter and Discord form the backbone of that information space.

13. For the foregoing reasons, Mr. Klein asks the Court to remove his social media restrictions. such that he is permitted to use platforms such as discord, signal, telegram, twitter, and Instagram, etc.

**Contact with Co-Defendant**

14. Mr. Klein asks the Court to remove the provision of the pretrial release order prohibiting contact with his brother and co-defendant Jonathanpeter Klein

15. The undersigned has conferred with the government, represented by Assistant U.S. Attorney Christopher Veatch. Mr. Veatch does not object to the foregoing modifications.

16. The Undersigned has reached out to Pretrial Services, through Brandy Mathies, who confirmed that Mr. Klein is in full compliance with the conditions of pretrial release and that Pretrial Services takes no position on this motion.

17. For the foregoing reasons, Mr. Klein respectfully requests that this Court remove his third-party custodian requirement, remove the curfew requirement, allow him to access social media, and remove the provision of the pretrial release order prohibiting contact with Jonathanpeter Klein.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov (DC Bar 979785)
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
Telephone: (202) 386-6920
eugene@burnhamgorokhov.com